UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MINTABLE PTE. LTD., <br><br> Plaintiff, <br><br> v. <br><br> MINTOLOGY INC. and CINDY JIN, both in her individual capacity and as CEO of Mintology, Inc., <br><br> Defendants. | **Case No.: 23-cv-08215** |

# [PROPOSED] FINAL DEFAULT JUDGMENT AND PERMANENT INJUNCTION ORDER

This matter comes before the Court by motion filed by Plaintiff Mintable Pte Ltd. ("Plaintiff") for the entry of final judgment and permanent injunction by default against Defendant Mintology Inc. ("Defendant") for trademark infringement under federal and New York state law and for a violation of New York's anti-dilution law arising out of Defendant's unauthorized use of the "Mintology" mark.

The Court, having considered Plaintiff's Motion for Entry of Default Judgment and the Affidavit of Arthur Middlemiss in support thereof (ECF Nos. 25-27), Plaintiff's Proposed Findings of Fact and Law (ECF No. 33), the Affidavit of Service of the Summons and Complaint (ECF No. 14), the Clerk's Certificate of Default (ECF No. 18), and upon all other pleadings and papers on file in this action, it is hereby ORDERED, ADJUGED, AND DECREED as follows:

1. The Summons and Complaint in this action were properly served on September 21, 2023. ECF No. 14. Defendant has not answered, moved, or otherwise responded to the Complaint, and its default was noted in the Clerk's Certificate of Default issued on October 23, 2023. ECF No. 18.

2. Defendant was served with Plaintiff's Motion for Entry of Default Judgment and advised of a telephonic default judgment hearing on May 16, 2024. ECF No. 31. Defendant did not appear at the May 16, 2024 hearing. ECF No. 32.

3. Plaintiff holds common law rights to the "Mintology" mark through its senior and continuous use of the mark in commerce. Defendant had notice of Plaintiff's rights and continued to use the mark in commerce to sell a service that intentionally mirrors Plaintiff's non-fungible token ("NFT") business-to-business platform to customers in the same market as Plaintiff.

4. Defendant's continued use of the mark in commerce thereby harmed Plaintiff and its business reputation, and caused actual confusion to customers and others in the industry.

5. Defendant's aforementioned acts were willful and committed in bad faith, and with the intent to trade off the reputation and goodwill of the "Mintology" mark in which Plaintiff has invested.

6. Defendant's aforementioned acts constitute (1) trademark infringement pursuant to 11 U.S.C. § 1125; (2) trademark infringement under New York law common law; and (3) a violation of New York's anti-dilution law, N.Y. Gen. Bus. Law § 360-l.

7. Plaintiff is entitled to a default judgment against Defendant and a permanent injunction enjoining Defendant's infringing acts.

8. Defendant, its officers, subsidiaries, parents, divisions, agents, servants, employees, and attorneys, and those persons in active concert or participation with them, or any of them, are permanently enjoined from:

    a. Using the "Mintology" mark, or any simulation, reproduction, or colorable imitation thereof, in connection with the sale, advertising, promotion, marketing,

      distribution, or dissemination of NFTs, or of services related to NFTs, or in connection with any services connected to the blockchain;

  b. Maintaining the "app.mintology.studio" site, any site that is markedly similar to Plaintiff's "mintology.app" site, or any site using the "Mintology" moniker calculated or likely to cause confusion or mistake in the mind of the public; or

  c. Otherwise using the "Mintology" mark in a way calculated to deceive the trade or public into believing that Defendant's business, services, or products are in any way associated or affiliated with or related to Plaintiff.

9. Pursuant to 15 U.S.C. § 1116(a), Defendant shall, within thirty (30) days after entry of this Order and Judgment, file with the Court and serve on counsel for Plaintiff a written statement under oath setting forth in detail the manner and form in which Defendant has complied with and completed those actions ordered by this Order and Judgment, including without limitation the date(s) on which each such action was taken.

10. Defendant shall immediately provide a copy of this Order and Judgment to any and all of its officers, subsidiaries, parents, divisions, agents, servants, employees, and attorneys, and all persons in active concert or participation with them, or any of them.

11. This Court maintains exclusive jurisdiction to enforce this Order and Judgment. As a breach of this Order and Judgment will result in immediate and irreparable harm to Plaintiff, if at any time Defendant is found to have violated this Order and Judgment, it shall be liable for all reasonable attorneys' fees that Plaintiff may incur in enforcing this Order and Judgment.

12. The Clerk of the Court is directed to enter this Order and Judgment forthwith, without further notice.

**THIS IS A FINAL JUDGMENT.**

Dated: _____, 2024
       New York, New York

                                        _____
                                        HON. LEWIS J. LIMAN
                                        UNITED STATES DISTRICT JUDGE