```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
MINTABLE PTE. LTD.,                                                    :
                                                                       :
                        Plaintiff,                                     :
                                                                       :            23-cv-8215 (LJL)
        -v-                                                            :
                                                                       :
MINTOLOGY INC. and CINDY JIN,                                          :        MEMORANDUM AND
                                                                       :              ORDER
                        Defendants.                                    :
                                                                       :
-----------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/15/2024

LEWIS J. LIMAN, United States District Judge:

By opinion and order dated July 18, 2024, the Court granted default judgment in favor of Plaintiff Mintable Pte. Ltd. ("Plaintiff") on Plaintiff's claim for trademark infringement and dilution in violation of the Lanham Act. *Mintable Pte. Ltd. v. Mintology Inc.*, 2024 WL 3454825 (S.D.N.Y. July 18, 2024).

The Court held that "an award of reasonable attorneys' fees [wa]s warranted" but that such an award could not be determined at that time because Plaintiff provided "insufficient evidence of the reasonableness of Plaintiff's requested fees." *Id.* at *12–13. The Court ordered Plaintiff to submit detailed time entries for the Court's review. *Id.*

On July 26, 2024, Plaintiff filed a declaration in support of its request for attorneys' fees and attached Plaintiff's counsel's invoices including time entries as an exhibit. Dkt. No. 38. Plaintiff seeks a total of $201,704.70 in attorneys' fees and $1,609.29 in costs. *Id.*

For the reasons that follow, Plaintiff's fee application is granted in part and denied in part.

**LEGAL STANDARD**

Section 35(a) of the Lanham Act provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). As the Court previously noted, "'under the Lanham Act, an exceptional case is one that stands out from others in the manner articulated by *Octane Fitness*[.]'" *Mintable*, 2024 WL 3454825, at *12 (quoting *Sleepy's LLC v. Select Comfort Wholesale Corp.*, 909 F.3d 519, 530 (2d Cir. 2018)). In *Octane Fitness, LLC v. ICON Health &Fitness, Inc.*, the United States Supreme Court held "that an 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." 572 U.S. 545, 554 (2014). In the district court's exercise of its broad discretion to determine whether a case is exceptional, it may consider factors, including "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* at 554 & n.6 (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 & n.19 (1994)); *accord 4 Pillar Dynasty LLC v. N.Y. & Co., Inc.*, 933 F.3d 202, 215 (2d Cir. 2019).

The Court previously determined that the instant case is an exceptional one for which attorneys' fees are warranted. *See Mintable*, 2024 WL 3454825, at *13. Although the mere fact of Defendant's default is insufficient to claim entitlement to fees, the Court held that "Defendant's continued infringement after being put on notice by Plaintiff's cease-and-desist letters, coupled with its failure to appear in this litigation, displays willful conduct" and that such conduct, in light of the Lanham Act's goals of deterrence, supported an award of fees. *Id.* at *12–13 (citing *Focus Prod. Grp. Int'l, LLC v. Kartri Sales Co., Inc. Marquis Mills, Int'l, Inc.*, 2023 WL 3815276, at *3 (S.D.N.Y. June 5, 2023).

As a general matter, the "starting point" and "lodestar" in analyzing whether claimed attorneys' fees are appropriate is "the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Milea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011); *see also Lilly v. City of New York*, 934 F.3d 222, 227–34 (2d Cir. 2019) (discussing calculation of reasonable hourly rates and reasonable number of hours expended). The party seeking fees bears the burden of demonstrating that its hourly rates and requested hours are reasonable, and must provide a court with sufficient information to assess the fee application. *See Allende v. Unitech Design, Inc.*, 783 F. Supp. 2d 509, 512–13 (S.D.N.Y. 2011). This approach is intended to "produce[] an award that *roughly* approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 551 (2010); *see also Bergerson v. N.Y. State Off. of Mental Health*, 652 F.3d 277, 289–90 (2d Cir. 2011); *Suarez v. Liquid Blue, Inc.*, 2024 WL 2978311, at *1 (S.D.N.Y. June 12, 2024).

Once a court has determined the appropriate hourly rate, it must also examine whether the number of hours billed was reasonable. The court "should exclude excessive, redundant[,] or otherwise unnecessary hours[.]" *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999); *see generally Murray v. UBS Sec.*, 2020 WL 7384722, at *11-12 (S.D.N.Y. Dec. 16, 2020).

## DISCUSSION

Plaintiff seeks $201,704.70 in attorneys' fees for 408.6 hours of work billed between January 2023 and May 2024.

### I. Reasonable Hourly Rate

The court's focus is "on setting a reasonable hourly rate, taking account of all case-specific variables." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany & Albany Bd. of Elections*, 522 F.3d 182, 189 (2d Cir. 2008). The reasonable hourly rate is "the rate a paying

3

client would be willing to pay," bearing in mind that the "paying client wishes to spend the minimum necessary to litigate the case effectively." *Id.* at 190. When an attorney's requested hourly rate is higher than rates found to be reasonable in the relevant market, it is within the court's discretion to reduce the requested rate. *See Savino v. Comput. Credit, Inc.*, 164 F.3d 81, 87 (2d Cir. 1998); *de Jesus Morales v. Stalwart Grp. Inc.*, 2021 WL 3774145, at *6 (S.D.N.Y. Aug. 24, 2021).

The Court considers both the evidence submitted by the party as to rates they typically charge and its own knowledge of comparable rates in the area of legal practice at issue and in the District. *See Ruradan Corp. v. City of New York*, 2024 WL 3567276, at *3 (S.D.N.Y. July 29, 2024) (internal citations omitted).

In considering a reasonable hourly rate, the Second Circuit has instructed courts to consider:

> factors including, but not limited to the complexity and difficulty of the case, the available expertise and capacity of the client's other counsel (if any), the resources required to prosecute the case effectively (taking account of the resources being marshaled on the other side but not endorsing scorched earth tactics), the timing demands of the case, whether an attorney might have an interest (independent of that of his client) in achieving the ends of the litigation or might initiate the representation himself, whether an attorney might have initially acted pro bono (such that a client might be aware that the attorney expected low or non-existent remuneration), and other returns (such as reputation, etc.) that an attorney might expect from the representation.

*Suarez*, 2024 WL 2978311, at *2 (quoting *Arbor Hill*, 522 F.3d at 189). Courts may also consider the following twelve factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and

4

length of the professional relationship with the client; and (12) awards in similar cases.

*Lilly*, 934 F.3d at 228 (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87 (1989)).

Plaintiff requests fees for four attorneys as well as two paralegals at the law firm Lewis Baach Kaufmann Middlemiss PLLC ("LBKM"). Dkt. No 38.

Plaintiff requests a rate of $975 an hour for Arthur D. Middlemiss. *Id.* ¶ 13. Mr. Middlemiss is a partner at LBKM and a 1994 graduate of Boston University School of Law. *Id.* Mr. Middlemiss has thirteen years of prior experience at the Manhattan District Attorney's Office and his present practice focuses on commercial and regulatory litigation. *Id.*

Plaintiff requests a rate of $625 to $675 an hour for Elizabeth Velez. *Id.* ¶ 11.[1] Ms. Velez is counsel at LBKM and a 2009 graduate of University of Pennsylvania Carey Law School. *Id.* ¶ 11. Ms. Velez' practice focuses on civil litigation. *Id.*

Plaintiff requests a rate of $650 an hour for Li Jiang. *Id.* ¶ 14. Ms. Jiang is an associate at LBKM and a 2013 graduate of Santa Clara University School of Law. *Id.* Ms. Jiang has nearly ten years of experience in antitrust and securities litigation. *Id.*

Plaintiff requests a rate of $450 to $500 an hour for Annika B. Conrad. *Id.* ¶ 12. Ms. Conrad is an associate at LBKM and a 2020 graduate of Boston College Law School. *Id.* Ms. Conrad's practice focuses on commercial litigation. *Id.*

Plaintiff requests a rate of $185 to $225 an hour for James MacFadyen. *Id.* ¶ 15. Mr. MacFadyen is a paralegal at LBKM and has fifteen years of prior experience at the Manhattan

---

[1] Plaintiff notes that the billing rate at LBKM increased in January 2024, and therefore time spent after that date was billed at a higher rate for several of the attorneys and paralegals. *Id.* at 4 n.2.

5

District Attorney's Office.  *Id.*  Mr. MacFadyen has experience with international service and evasive defendants.  *Id.*

Plaintiff requests a rate of $185 to $225 an hour for Lauren Skala.  *Id.* ¶ 15.  Ms. Skala is a paralegal at LBKM.  Ms. Skala has nineteen years of experience in litigation.  *Id.*

"In considering a reasonable rate for the work of these attorneys in this matter the Court is mindful that the exercise is context-specific."  *Hong v. Mommy's Jamaican Mkt. Corp.*, 2024 WL 4288064, at *3 (S.D.N.Y. Sept. 25, 2024).  The same attorney might command a different rate across different cases depending on the complexity and other case-specific factors.  *See, e.g.*, *Robles v. City of New York*, 2021 WL 1034773, at *5 (S.D.N.Y. Feb. 26, 2021).

The instant dispute did not present unique legal challenges or difficulties.  Plaintiff advanced a standard trademark infringement and dilution claim made exceptional only by Defendant's willfulness.  *See Mintable*, 2024 WL 3454825, at *12–13; *see also Access Bio, Inc. v. Division 5 Labs, Inc.*, 2024 WL 3084990, at *2 (S.D.N.Y. June 20, 2024) (reducing rates given relatively low complexity compared to other cases attorney might litigate); *DoubleLine Cap. LP v. Odebrecht Fin., Ltd.*, 2023 WL 2870484, at *3 (S.D.N.Y. Apr. 10, 2023) (inquiry into reasonable rate is case-specific "meaning that a reasonable rate for a routine task in a simple case may be quite different from a reasonable rate for a complex task in a challenging case, even when performed by the same firm or the same attorney" (internal citations omitted)).

Plaintiff's requested rates are higher than the rates found to be reasonable in other intellectual property cases and are not merited by this case's relative simplicity.  *See Vigliotti v. Little Mumbai Mkt. Inc.*, 2024 WL 3952730, at *3 (S.D.N.Y. Aug. 27, 2024) (approving hourly rates of $400 for an associate, and $150 for a paralegal in copyright case); *Latin Am. Music Co., Inc. v. Spanish Broad. Sys., Inc.*, 2020 WL 2848232, at *7 (S.D.N.Y. June 1, 2020) (collecting

6

cases approving rates of $400 to $750 an hour for partners, $200 to $450 for associates, and $150 to $200 for paralegals in intellectual property cases); *Cawthon v. Lishuang*, 2024 WL 3813879, at *12 (S.D.N.Y. July 19, 2024) (collecting cases approving rates of $350 to $750 an hour for partners, $200 to $450 for associates, and $150 to $200 for paralegals in intellectual property cases), *report and recommendation adopted*, 2024 WL 4200389 (S.D.N.Y. Sept. 16, 2024); *Pyatt v. Raymond*, 2012 WL 1668248, at *6 (S.D.N.Y. May 10, 2012) (collecting cases approving rates ranging from $400 to $650 for partners in copyright and trademark cases).

Accordingly, the Court finds that the reasonable hourly rate—regardless of when billed—for Mr. Middlemiss is $550, for Ms. Velez is $450, for Ms. Jiang is $300, for Ms. Conrad is $300, and for both Mr. MacFadyen and Ms. Skala is $125.

## II. Hours Worked

Once a reasonable rate of pay has been calculated, it is multiplied by a reasonable number of hours expended to determine the award amount. *Ruradan*, 2024 WL 3567276, at *4. The Court has discretion to disregard hours viewed as "excessive, redundant, or otherwise unnecessary." *Bliven v. Hunt*, 579 F.3d 204, 213 (2d Cir. 2009) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). The United States Supreme Court has emphasized that "determination of fees 'should not result in a second major litigation.'" *Fox v. Vice*, 563 U.S. 826, 838 (2011) (quoting *Hensley*, 461 U.S. at 437). The Court's role is not to act as a "green-eyeshade" accountant but "to do rough justice." *Id.* Accordingly, "trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." *Williams v. Epic Sec. Corp.*, 368 F. Supp. 3d 651, 655 (S.D.N.Y. 2019) (quoting *Errant Gene Therapeutic, LLC v. Sloan-Kettering Inst. for Cancer Rsch.*, 286 F. Supp. 3d 585, 588 (S.D.N.Y. 2018), *aff'd*, 2018 WL 3094913 (S.D.N.Y. June 21, 2018)); *see also Cruz v. Space NY 50th St LLC*, 2019 WL 4061492, at *5 (S.D.N.Y. Aug. 28, 2019).

7

Plaintiff seeks fees for time spent opposing Defendant's trademark application before the Trademark Trial and Appeal Board ("TTAB"). Dkt. No. 38 ¶ 18. Work done on this other, parallel litigation is not recoverable. *See Miro v. City of Bridgeport*, 2024 WL 302032, at *3 (D. Conn. Jan. 26, 2024) ("Because [plaintiff] should not be awarded attorney's fees for work done on another litigation, the Court will reduce the number of reasonable hours by fifteen hours."); *Kennedy v. Supreme Forest Prod., Inc.*, 295 F. Supp. 3d 113, 125 (D. Conn. 2017) ("[P]laintiff should not be awarded fees or costs for the time expended" in a separate litigation.); *Arclightz & Films Pvt. Ltd. v. Sheth*, 2008 WL 11411314, at *3 (E.D.N.Y. Oct. 3, 2008) (reduction in hours was warranted where plaintiff's counsel failed to subtract all entries related to work done on another litigation), *report and recommendation adopted*, 2008 WL 11411315 (E.D.N.Y. Dec. 10, 2008); *but see Ruradan Corp.*, 2024 WL 3567276, at *4 (holding plaintiff could recover fees accrued in prior related litigation pursuant to fee shifting contract). Because Plaintiff's timesheets do not disaggregate the time spent on the instant litigation from time spent on external matters before the TTAB, the Court will apply a percentage reduction to account for the lower number of appropriate hours. *See Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998) (The Court has "discretion to simply apply a reasonable percentage reduction as a practical means of trimming fat from a fee application.").[2]

Plaintiff's counsel spent approximately twelve hours preparing and sending several cease-and-desist letters and follow-up letters. Dkt. Nos. 11-3, 11-4, 11-5, 11-6.[3] Courts in this District

---

[2] Plaintiff's counsel "recognized that litigating in two forums was an unexpected additional cost," and discounted Plaintiff a total of $6,191.80. Dkt. No. 38 ¶ 21. Nonetheless, counsel's invoices do not provide sufficient insight to the discount's significance relative to the amount of time spent pursuing matters other than the present one.

[3] Plaintiff may claim fees for the reasonable time spent drafting cease-and-desist letters. Although such work was expended prior to the filing of this suit, the United States Supreme Court has recognized that "some of the services performed before a lawsuit is formally commenced by the

have found far fewer hours required to accomplish that task. *See, e.g.*, *Antetokounmpo v. Costantino*, 2021 WL 5916512, at *10 (S.D.N.Y. Dec. 15, 2021) (reducing by 20% approximately 3 hours billed for drafting notices of infringement and cease-and-desist letters in case with two defendants), *report and recommendation adopted sub nom. Antetokounmpo v. Constantino*, 2022 WL 36232 (S.D.N.Y. Jan. 4, 2022); *OZ Mgmt. LP v. Ozdeal Inv. Consultants, Inc.*, 2010 WL 5538552, at *5 (S.D.N.Y. Dec. 6, 2010) (finding "a total of 7.6 hours [spent] on the drafting of a cease-and-desist letter and related activities" to be excessive and reducing the reasonable hours by 15%), *report and recommendation adopted*, 2011 WL 43459 (S.D.N.Y. Jan. 5, 2011).

Even outside of the TTAB proceedings and cease-and-desist letters, Plaintiff's request for fees encompassing several hours of work dramatically exceeds the time necessary to prosecute this case. This suit was filed on September 18, 2023, requiring preparation of the twenty-page complaint and five exhibits. Dkt. Nos. 1, 11. Plaintiff served Defendant's corporate representative via a process server on September 21, 2023. Dkt. No. 14. The only motion practice has been Plaintiff's uncontested motion for default judgment. Dkt. No. 25. "The time and labor required for seeking a judgment by default, pursuant to Fed. R. Civ. P. 55 and based on the defendant's failure to plead or otherwise defend, as well as the level of skill required to perform the legal tasks in connection with it, are, under the circumstances of the instant action, *de minimis*." *Days Inn Worldwide, Inc. v. Amar Hotels, Inc.*, 2008 WL 2485407, at *9 (S.D.N.Y. June 18, 2008). Courts in this Circuit have found far lower hour totals reasonable in intellectual property cases pursued through default judgment. *See, e.g.*, *Antetokounmpo v. Searcy*, 2021 WL 3233417, at *6

---

filing of a complaint are performed 'on the litigation'" and are thus compensable. *Webb v. Bd. of Educ. of Dyer Cnty., Tenn.*, 471 U.S. 234, 243 (1985). Such "standard preliminary steps toward litigation" include "[i]nvestigation, preliminary legal research, *drafting of demand letters*, and working on the initial complaint." *Ray Haluch Gravel Co. v. Cent. Pension Fund of Int'l Union of Operating Eng'rs & Participating Emps.*, 571 U.S. 177, 189–90 (2014) (emphasis added).

(S.D.N.Y. May 20, 2021) (finding reasonable approximately 23 total hours in copyright case against defaulted defendant), *report and recommendation approved*, 2021 WL 3233005 (S.D.N.Y. June 23, 2021); *Realsongs, Universal Music Corp. v. 3A N. Park Ave. Rest Corp.*, 749 F. Supp. 2d 81, 92 (E.D.N.Y. 2010) (finding reasonable 14.9 hours in copyright case against defaulted defendant in which "the attorneys were still required to confer with their clients regarding the claims, draft cease and desist letters as well as a complaint, and formally move for a default judgment, among other things"); *U.S.A. Famous Original Ray's Licensing Corp. v. Tisi's Pizza & Pasta Inc*, 2009 WL 4351962, at *8 (S.D.N.Y. Dec. 1, 2009) (finding reasonable approximately 24.6 hours in trademark infringement case against defaulted defendant including "drafting cease and desist letters, drafting the complaint, drafting the order for default judgment, and preparing for and attending two court conferences"), *report and recommendation adopted*, 2009 WL 5178023 (S.D.N.Y. Dec. 31, 2009).

In light of the lesser work required and the excluded hours, the Court finds that a 70% reduction in hours is appropriate.

Applying these hours reductions and the rates described above, the Court is left with the following number of hours for each timekeeper resulting in the following fees:

Mr. Middlemiss (5.7 hours at $550/hour) = $3,151.50

Ms. Velez: (46.4 hours at $450/hour) = $20,871

Ms. Conrad (44.4 hours at $300/hour) = $13,320

Ms. Jiang (1.6 hours at $300/hour) = $477

Mr. MacFadyen and Ms. Skala (23.7 hours at $125/hour) = $2,958.75

**Total adjusted hours: 121.8          Total fees: $40,778.25**

### III. Costs

Plaintiff seeks $1,609.29 in litigation costs including fees for conducting online legal research, mailing expenses, and filing fees. Dkt. No. 38-1. These costs are "adequately documented, reasonable, and of the type commonly reimbursed by courts in this district." *Palaguachi v. All City Remodeling, Inc.*, 2018 WL 11226108, at *3 (S.D.N.Y. April 20, 2018). However, Plaintiff does not disaggregate the costs of this litigation and TTAB matters. *See* Dkt. No. 38-1 at ECF p.26 (claiming $600 in costs for trademark filing fee). The Court will accordingly apply a 50% reduction to Plaintiff's requested costs. *See United States v. City of New York*, 2013 WL 5542459, at *13–14 (E.D.N.Y. Aug. 30, 2013) (applying percentage reduction to requested costs); *Kim v. Dial Serv. Int'l, Inc.*, 1997 WL 458783, at *20 (S.D.N.Y. Aug. 11, 1997) (same), *aff'd*, 159 F.3d 1347 (2d Cir. 1998). The Court therefore awards Plaintiff $804.65 in costs.

### CONCLUSION

Plaintiff's fee application is GRANTED IN PART and DENIED IN PART. Plaintiff is awarded a total of $40,778.25 in fees and $804.65 in costs.

SO ORDERED.

Dated: October 15, 2024
New York, New York

LEWIS J. LIMAN
United States District Judge